UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DASHAWN I. WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00909-JMS-CSW |
| | ) | |
| FRANK VANIHEL, | ) | |
| CENTURION HEALTH OF INDIANA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Granting Motion for Joinder and Denying Motion for Preliminary Injunction**

At screening, the Court found that Plaintiff Dashawn Ward stated claims against Frank Vanihel and Centurion Health of Indiana, LLC ("Centurion"), based on allegations that he was being denied necessary treatment for Hepatitis. Dkt. 9. Mr. Ward also filed a motion seeking an injunction requiring that he be provided with Hepatitis treatment and a high protein diet. Dkt. 7. Warden Vanihel responded to the motion, dkt. 31, and Centurion moved to join the response, dkts. 25, 32. Mr. Ward did not file a reply, and the time for doing so has passed. Centurion's motion to join Warden Vanihel's response is **granted**, and, for the reasons stated below, Mr. Ward's motion for preliminary injunction is **denied without prejudice**.

### I.     Factual Background

#### A.     Allegations of Mr. Ward's Complaint

Mr. Ward based his verified complaint, dkt. 1, on the following allegations:

On January 5, 2023, while he was incarcerated at Plainfield Correctional Facility ("Plainfield"), Mr. Ward was tested for a wide range of blood infections. He tested positive for Hepatitis A and Hepatitis B. Plainfield refused treatment and let him sit in segregation for two

months and then transferred him to Wabash Valley Correctional Facility ("Wabash Valley") when he started filing paperwork requesting treatment.

Once he was transferred to Wabash Valley, Mr. Ward filed more paperwork requesting treatment, but he waited three months trying to get a response. Multiple health care requests were not answered. Mr. Ward's medical records show that he has tested positive for Hepatitis A and B, but he is being told that he is immune to the infections.

### B.    Allegations of Preliminary Injunction Motion

In his preliminary injunction motion, Mr. Ward largely reiterated the allegations of his complaint. He also alleged that he was being told he was immune to his Hepatitis infections, which "clearly contradicts" his medical records. Dkt. 7 at 1.

### C.    Defendants' Response

In response, Defendants submitted a declaration from Nurse Barbara Riggs and copies of Mr. Ward's medical records. Nurse Riggs avers that Mr. Ward had bloodwork on January 5, 2023, and that the results of that bloodwork showed that he did not have active Hepatitis A, B, or C infections. Dkt. 31-1 at 1. She submitted medical records showing that Mr. Ward tested positive for Hepatitis A and B but that his range was "negative." Dkt. 26-2 at 2. Nurse Riggs avers that, because Mr. Ward did not have active Hepatitis A, B, or C infections, he did not require treatment. Dkt. 31-1 at 2.

## II. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). Determining whether a plaintiff "is entitled to a preliminary injunction involves a multi-step inquiry." *Int'l Ass'n of Fire Fighters, Local 365 v. City of E. Chi.*, 56 F.4th 437, 446 (7th Cir. 2022).

"As a threshold matter, a party seeking a preliminary injunction must demonstrate (1) some likelihood of succeeding on the merits, and (2) that it has no adequate remedy at law and will suffer irreparable harm if preliminary relief is denied." *Id.* "If these threshold factors are met, the court proceeds to a balancing phase, where it must then consider: (3) the irreparable harm the non-moving party will suffer if preliminary relief is granted, balancing that harm against the irreparable harm to the moving party if relief is denied; and (4) the public interest, meaning the consequences of granting or denying the injunction to non-parties." *Cassell v. Snyders*, 990 F.3d 539, 545 (7th Cir. 2021). This "involves a 'sliding scale' approach: the more likely the plaintiff is to win on the merits, the less the balance of harms needs to weigh in his favor, and vice versa." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). "In the final analysis, the district court equitably weighs these factors together, seeking at all times to minimize the costs of being mistaken." *Cassell*, 990 F.3d at 545.

### III. Discussion

Mr. Ward has not shown that he is likely to succeed on the merits of his claims. Therefore, his motion for preliminary injunction must be denied.

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762−63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

Mr. Ward's claims are governed by the Eighth Amendment. For an inmate to succeed on a claim under the Eighth Amendment for the denial of medical care, he must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*).

Mr. Ward has not come forward with any evidence showing that anyone has been deliberately indifferent to his need for treatment for Hepatitis. Nor has Mr. Ward explained how he plans to prove his claims. The Court understands that Mr. Ward's medical records reflect a "positive result" for Hepatitis A and B, but that does not necessarily mean that he needed treatment. Nurse Riggs has submitted a declaration averring that Mr. Ward's bloodwork results show that his Hepatitis A and B infections were not active, so he did not require treatment. She has also submitted medical records showing that the "range" for Mr. Ward's Hepatitis A and B tests was "negative." Mr. Ward contends that he has been told that he does not need treatment and that his medical records "clearly contradict" that conclusion, but he has not come forward with any such medical records. To the extent that Mr. Ward is referring to the records that Nurse Riggs submitted, the records do not explicitly say that Mr. Ward needed treatment, and Mr. Ward is not qualified to offer an opinion as to their meaning.

In summary, there is no evidence that Mr. Ward needed or needs treatment for Hepatitis. As a result, no one could have been deliberately indifferent to his need for such treatment. He has not shown that he is likely to succeed on the merits of his claims.

A final note: In his motion for preliminary injunction, Mr. Ward states that he has lost 25 pounds and asks for a high protein diet. He also states that he has experienced "weight loss, body pain, and mental health stress due to being in a seg cell 23 hours a day being ignored by medical staff." Dkt. 7 at 1. Those allegations are concerning, but this case is proceeding on limited claims

that he has been denied treatment for Hepatitis. And the Court cannot grant an injunction based on claims that lack a nexus with the claims proceeding in this case. *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up); *DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."); *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220). If Mr. Ward seeks to pursue claims based on the allegations about the decline in his health associated with being in segregation, he must exhaust available administrative remedies and pursue a new lawsuit, if necessary.[1]

### IV. Conclusion

For the foregoing reasons, Centurion's motions to join Warden Vanihel's response, dkts. [25] and [32], are **granted**, and the motion for preliminary injunction, dkt. [7], is **denied without prejudice**.

**IT IS SO ORDERED**.

Date: 9/22/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[1] If Mr. Ward had exhausted administrative remedies as to such claims at the time he filed this lawsuit, he might be able to amend his complaint to include such claims. The Court makes no determination as to whether such an amendment would be appropriate.

Distribution:

DASHAWN I. WARD
202252
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Hannah Lynette Hulsey
Office of Indiana Attorney General
hannah.hulsey@atg.in.gov

Travis W. Montgomery
Bleeke Dillon Crandall, P.C.
travis@bleekedilloncrandall.com

Erica Lee Sawyer
INDIANA ATTORNEY GENERAL
Erica.Sawyer@atg.in.gov